J-M02004-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| EDWIN BARQUERO HERNANDEZ | : | |
| Petitioner | : | No. 27 WDM 2026 |

Appeal from the Order Dated March 18, 2026
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000608-2026

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:           **FILED: July 13, 2026**

Edwin Barquero Hernandez ("Petitioner") filed a petition for specialized review pursuant to Pa.R.A.P. 1610 ("Petition")[1] seeking review of the March 18, 2026, order ("Order") of the Allegheny County Court of Common Pleas (the "trial court") which denied bail. The Commonwealth filed a timely response. Petitioner has also filed an application for relief seeking immediate release on nominal bail. We affirm the order denying bail and dismiss the application for relief as moot.

_____

[1] **See** Pa.R.A.P. 1610 (providing for review of an order denying release before sentence); Pa.R.A.P. 1762(b)(2) (providing that an order relating to bail when no appeal is pending is subject to Chapter 16 of the Rules of Appellate Procedure); **Commonwealth v. Miller**, 319 A.3d 575, 580 (Pa. Super. 2024) (applying to petitions for specialized review of bail under Pa.R.A.P. 1610, the rationale from **Interest of N.E.M.**, 311 A.3d 1088 (Pa. 2024) (holding review of a petition for specialized review involving a juvenile out-of-home placement order is mandatory – this Court lacks discretion to decide whether to review the petition)).

Petitioner was charged with a series of sexual offenses, including rape of a child and aggravated indecent assault, relating to two instances when he is alleged to have raped and otherwise sexually assaulted his ten-year-old stepdaughter in November 2025. The magisterial district court denied bail in December 2025, and the trial court denied bail the same month.

In February 2026, Hernandez filed a bail review request form seeking pretrial release. On March 13, 2026, the trial court held a bail review hearing. Mr. Sammartino ("Sammartino"),[2] who appears to be a staff member of the court's Pretrial Services Department, recommended Hernandez not be released. Mr. Sammartino stated the victim lived with her mother, Hernandez's girlfriend, and her maternal grandmother, until Children's Youth and Family Services ("CYF") placed her in foster care on March 10, 2026, for her safety. *See* N.T., 3/13/26, at 4-5, 10. Mr. Sammartino also related Hernandez had the permission of Moises "Guyettay"[3] ("Moises") to live with him, fifteen minutes from the victim's home. *See id*. at 4-5. Hernandez's counsel informed the court that mother was detained in an Immigration and Customs Enforcement ("ICE") facility. *See id*. at 10. The prosecutor informed the court the victim disclosed the abuse to her mother, but no one contacted authorities until the victim disclosed the abuse at school. *See id*. at 11.

---

[2] His first name does not appear in the record.

[3] This is a phonetic spelling. See N.T., 3/13/26, at 8.

When the hearing concluded, the trial court held the case under advisement. On March 18, 2026, the trial court entered an order denying bail, citing Hernandez's lack of ties to the Commonwealth, his potential flight risk, and the nature of the charges. Hernandez then filed his petition for specialized review. This Court ordered the trial court to state the reasons for its denial of bail. The trial court issued a statement setting forth the following reasons for denying bail:

> (1) lack of sufficient ties to the community and Commonwealth, (2) nature of the charges: rape of a child, indecent assault of a Child, (3) possibility of significant mandatory sentence for rape of a child, (4) potential flight risk, (5) proposed condition of EHM [Electronic Home Monitoring] does not diminish the flight risk as EHM is nothing more than an alert system that provides notice that defendant is potentially not at the assigned site, [and] (6) the significant time between the alert and action by authorities does not deter or prevent flight.

Trial Court Statement, 4/9/26 (capitalization standardized).

This Court reviews bail orders for an abuse of discretion, reversing only where the trial court misapplies the law, its judgment is manifestly unreasonable, or the evidence of record shows that its decision is a result of partiality, prejudice, bias, or ill will. *See Commonwealth v. Bishop*, 829 A.2d 1170, 1172 (Pa. Super. 2003). Moreover, this Court's scope of review is limited to the record evidence adduced at the bail hearing and the findings of the lower court, reviewed in the light most favorable to the prevailing party. *See Commonwealth v. Talley*, 265 A.3d 485, 527 (Pa. 2021). This Court will affirm the trial court's order if the court's factual findings are supported

by competent evidence of record, and its legal conclusions are free from error. *See id*.

The right to bail, with certain exceptions, is enshrined in the Pennsylvania Constitution, Article I, Section 14, which provides in pertinent part:

> All prisoners shall be bailable by sufficient sureties, unless for capital offenses or for offenses for which the maximum sentence is life imprisonment or unless no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person and the community when the proof is evident or presumption great[.]

Pa. Const. Art. I, § 14 (emphasis added).

In *Talley*, the Pennsylvania Supreme Court conducted a thorough analysis of a defendant's right to bail pursuant to Article I, Section 14 of the Pennsylvania Constitution, concluding as follows:

> [A] trial court may deny bail under Article I[,] Section 14 when the Commonwealth's proffered evidence makes it substantially more likely than not that the accused: . . . presents a danger to any person and the community, which cannot be abated using any available bail conditions. That determination requires a qualitative assessment of the Commonwealth's case.

*Talley*, 265 A.3d at 525-26 (emphasis added). The Court provided a non-exhaustive list of factors a trial court should consider in denying bail, including: (1) the defendant's character, (2) relevant behavioral history or past patterns of conduct, (3) the gravity of the charged offense, (4) the conditions of bail reasonably available to the court, and (5) any evidence that

- 4 -

tends to show that those conditions would be inadequate to ensure the protection of any person or the community.[4]  *See id*. at 525.

Hernandez claims the record fails to support the trial court's denial of bail.  He challenges the representations he has no ties to the community or is a flight risk.  He further asserts the Commonwealth failed to meet its proof burden, and asserts the victim is safe because she is in the custody of CYF.  *See* Hernandez's Petition at 8-13.

Based on our review of the record, we find no abuse of discretion in the trial court's ruling, although we recognize the evidence of the hearing could have been more robust.  We note the fifth *Talley* factor requires consideration of the protection of the person and the community.  The trial court found that EHM would not adequately protect the victim or the community given the time between the possible activation of the alarm and action by authorities.  *See*

_____

[4] These factors either largely mirror or overlap with factors set forth in Pa.R.Crim.P. 523(A), relating to release criteria.  The Rule 523(A) factors include: (1) the nature of the offense charged and any mitigating or aggravating factors that may bear upon the likelihood of conviction and possible penalty; (2) the defendant's employment status and history, and financial condition; (3) the nature of the defendant's family relationships; (4) the length and nature of the defendant's residence in the community, and any past residences; (5) the defendant's age, character, reputation, mental condition, and whether addicted to alcohol or drugs; (6) if the defendant has previously been released on bail, whether he or she appeared as required and complied with the conditions of the bail bond; (7) whether the defendant has any record of flight to avoid arrest or prosecution, or of escape or attempted escape; (8) the defendant's prior criminal record; (9) any use of false identification; and (10) any other factors relevant to whether the defendant will appear as required and comply with the conditions of the bail bond.

Trial Court Order, 4/9/26.[5]  Additionally, the third *Talley* factor, the gravity of the charged offenses which include rape of a child, which has a lengthy mandatory term of imprisonment, also supports the denial of pretrial bail and raises the risk of Hernandez's flight.

Accordingly, in light of the foregoing, the deferential standard of review, and *N.E.M.*'s mandate to consider petitions for specialized review on their merits, we affirm the trial court's March 18, 2026, order.  In light of our disposition, we deny the application for relief as moot.

Order affirmed.  Application for relief denied.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/13/2026

---

[5] The fact that the residence Hernandez provided to the bail department is only fifteen minutes from the home of the victim's grandmother is of concern. Moreover, we cannot discount the possibility Herandez may seek to find the victim with the help of her mother.  As the record shows victim initially disclosed the alleged abuse to her mother, but mother did not report the alleged abuse to authorities.  This additional fact clearly amplifies the safety risk to victim.